UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

BRYAN ELLIS,                                    )
                                                )
                         Petitioner,            )
                                                )
              v.                                )        No. 2:19-cv-00067-JPH-DLP
                                                )
BRIAN SMITH Warden,                             )
                                                )
                         Respondent.            )

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Bryan Ellis for a writ of habeas corpus challenges a prison disciplinary proceeding identified as ISF 18-09-0083. For the reasons explained in this Entry, Mr. Ellis' habeas petition must be **denied**.

**A.       Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

1

**B.     The Disciplinary Proceeding**

On September 19, 2018 (original date of August 30, 2018, crossed out), Investigator R.

Evans wrote a conduct report that charged Mr. Ellis with Class A offenses 111/113, conspiring to

traffic. The conduct report stated:

> The office of Investigations and Intelligence conducted an investigation into a
> trafficking attempt that would occur on 8/5/18. Based on intelligence OII
> determined that Tiffany Mingo would attempt to traffic contraband while
> visiting offender Bryan Ellis. Investigator R. Evans determined that the
> contraband would be placed outside the facility for an outside work line to pick
> up and bring inside. Tiffany Mingo was intercepted and the contraband was
> confiscated. Based on information obtained during this investigation it was
> determined that offender Bryan Ellis #121888 and offender Richard Allen
> #864669 conspired with Tiffany Mingo to traffic.
>
> Please see confidential report of investigation for further information related to this
> case  18-ISF-0077

Dkt. 10-1.

Offense A-111 includes conspiring with another person to commit any Class A offense,

and offense A-113 is trafficking, which includes violating Indiana Code § 35-44.1-3-5 (trafficking

with an inmate) or § 35-44.1-3-6 (trafficking with an inmate outside a facility). Dkt. 10-2. The

confidential report, submitted to the Court as Confidential Exhibit F, states that Mr. Ellis and

offender Richard Allen were conspiring with Tiffany Mingo to traffic drugs into the facility. Dkt.

12 (*ex parte* Confidential Exhibit F).

Mr. Ellis was screened on September 24, 2018, when he was served with the conduct report

and the notice of disciplinary hearing (screening report). Dkt. 10-3. He pleaded not guilty, did not

request a lay advocate, and did not waive 24-hour notice of the disciplinary hearing. *Id.* Mr. Ellis

requested Tiffany Mingo as a witness. *Id*. As physical evidence, Mr. Ellis requested statements

from the investigation and photos of the confiscated items. *Id*. An internal facility email states that

Tiffany Mingo was unable to provide a statement at that time. Dkt. 13 (*ex parte* Confidential

2

Exhibit G).

The hearing officer conducted the disciplinary hearing in ISF 18-09-0083 on October 4, 2018. Dkt. 10-4. Mr. Ellis's comments were "My girl was never supposed to DR [sic] do any trafficking at this facility or any other. I never conspired with Allen." *Id*. The hearing officer determined that Mr. Ellis had committed offenses A-111/113, based on staff reports, Mr. Ellis' statement, and the confidential reports. *Id*. The hearing officer noted that the witness was unavailable. *Id*. The sanctions included a 30-day loss of phone privileges, 180-day deprivation of earned credit time, and demotion from credit class B to credit class C. *Id*.

Mr. Ellis' appeals to the Facility Head and to the Final Reviewing Authority were denied. Dkt. 10-5; dkt. 10-6. This habeas action followed.

**C.    Analysis**

Mr. Ellis alleges that his due process rights were violated in the disciplinary proceeding. His only claim is that someone altered the date of the incident on the conduct report without putting that person's initials next to the date and without the supervising officer's signature, in violation of Indiana Department of Correction policy.

Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, any claim based on prison policy, such as the one at issue here, is not cognizable and does not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential

3

constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process."); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief."). Mr. Ellis' claim fails.

Mr. Ellis was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Ellis' due process rights.

### D.   Conclusion

For the above reasons, Mr. Ellis is not entitled to the relief he seeks. His petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 6/2/2020

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRYAN ELLIS
121888
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Frances Hale Barrow
INDIANA ATTORNEY GENERAL
frances.barrow@atg.in.gov